IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KATIE SAGAITIS,

                         Plaintiff,

   v.                                                      OPINION and ORDER

WEST BEND INSURANCE COMPANY, fka                  25-cv-18-jdp
WEST BEND MUTUAL INSURANCE CO.,

                         Defendant.

---

For nearly 20 years, plaintiff Katie Sagaitis worked for defendant West Bend Insurance Company. She began as a staff underwriter and was a senior product manager when she resigned in 2020. She alleges that West Bend discriminated against her because of her sex in multiple ways, including by failing to promote her and denying her equal pay. She also says that West Bend retaliated against her for complaining about the discrimination and then constructively discharged her. Her complaint asserts claims under Title VII of the Civil Rights Act, the Equal Pay Act, and the Declaratory Judgment Act.

West Bend moves to dismiss all of Sagaitis's claims. Its primary argument is that Sagaitis did not exhaust her administrative remedies because she filed her lawsuit before completing the administrative process and because she withdrew some of her claims during that process. West Bend also contends that any claim under the Equal Pay Act or based on Sagaitis's 2017 demotion is time-barred and that Sagaitis may not assert a claim under the Declaratory Judgment Act.

The court will deny the motion to dismiss in large part. As for exhaustion of administrative remedies, West Bend has not met its burden to show that Sagaitis failed to comply with statutory requirements. As for the 2017 demotion and the request for declaratory

relief, the motion to dismiss will be denied as unnecessary. Sagaitis says that she is not asserting a claim based on events in 2017, and a request for declaratory relief is not a "claim," it is a remedy, so there is nothing to dismiss. As for the claim under the Equal Pay Act, it is clear from the allegations in the complaint that the claim is untimely, so the court will dismiss that claim.

BACKGROUND

In May 2020, Sagaitis filed a discrimination charge with the Wisconsin Department of Workforce Equal Rights Division (ERD) and the Equal Employment Opportunity Commission (EEOC), alleging that, between 2018 and 2020, she was discriminated against because of her sex and because she opposed sex discrimination. Dkt. 9-1.[1] Specifically, she alleged that West Bend did not pay her equally to similarly situated men, did not promote her, removed responsibilities from her, and subjected her to a hostile work environment, among other things. After receiving the charge, the EEOC suspended its investigation pending the ERD's "final findings and orders." Dkt. 9-4.

After conducting an investigation, the ERD issued a decision in July 2021, determining that there was probable cause to support all Sagatis's claims except her unequal pay claim.

---

[1] Both sides' briefs are accompanied by documents from the administrative proceedings, including the charge and agency decisions and notices. Administrative agency decisions and files are proper subjects of judicial notice, *Opoka v. INS*, 94 F.3d 392, 394 (7th Cir. 1996), so the court may consider them on a motion to dismiss, *see Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022). Neither party objects to any of these documents.

Dkt. 9-2. Sagaitis appealed the no-probable-cause determination on the unequal pay claim. Dkt. 9-3.

In November 2023, Sagaitis withdrew her appeal from the ERD, "reserv[ing] her right to take the claims subject to her appeal to another appropriate forum." Dkt. 12-2. In March 2025, Sagaitis withdrew her entire charge from the ERD and requested a right-to-sue letter from the EEOC. Dkt. 12-1. She received the letter on May 14, 2025, after the parties completed briefing on West Bend's motion to dismiss in this court. Dkt. 18.

ANALYSIS

West Bend moves to dismiss all of Sagaitis's claims. West Bend's primary argument is that Sagaitis failed to exhaust her administrative remedies by filing this lawsuit before receiving a right-to-sue letter from the EEOC. In the alternative, West Bend moves to dismiss individual claims on different grounds: (1) Sagaitis did not exhaust her administrative remedies on her claims for discriminatory compensation because she withdrew those claims during administrative proceedings; (2) Saigatis's claim under the Equal Pay Act and her claim challenging her 2017 demotion are barred by the statute of limitations; (3) Sagaitis's claim under the Declaratory Judgment Act is not properly characterized as a claim.

A. **Exhaustion of administrative remedies**

Before bringing a Title VII claim, a plaintiff must comply with certain statutory requirements. These include filing a charge with the EEOC and receiving a right-to-sue letter from the agency. 42 U.S.C. § 2000e-5(b),(c),(e),(f). The Supreme Court has resisted labelling these requirements as "exhaustion of administrative remedies," *see Woodford v. Ngo*, 548 U.S. 81, 98–99 (2006), but that is what the Court of Appeals for the Seventh Circuit commonly

3

calls them, so this court will do the same. *See, e.g., Reynolds v. Tangherlini*, 737 F.3d 1093, 1100 (7th Cir. 2013); *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009); *Hill v. Potter*, 352 F.3d 1142, 1146 (7th Cir. 2003).

The purpose of the exhaustion requirements is to give notice to the employer and provide an opportunity for conciliation before litigation. *Horton v. Jackson Cnty. Bd. of Cnty. Com'rs*, 343 F.3d 897, 899 (7th Cir. 2003); *Doe v. Oberweis Dairy*, 456 F.3d 704, 708 (7th Cir. 2006). If the plaintiff does not satisfy the exhaustion requirements, the court must dismiss the plaintiff's claims. *Hill*, 352 F.3d at 1146.

The failure to exhaust administrative remedies is an affirmative defense, *see Salas v. Wisconsin Dep't of Corr.*, 493 F.3d 913, 922 (7th Cir. 2007), which means that plaintiffs are not required to plead exhaustion, and courts normally do not decide the issue in the context of a motion to dismiss, *see Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2007). But it would be pointless to defer the issue until the summary judgment stage because Sagaitis doesn't object to West Bend's motion on the ground that it is premature, and both parties have asked the court to consider documents from the administrative proceedings. So the court will consider West Bend's motion, keeping in mind that it is West Bend's burden to show that Sagaitis did not exhaust her administrative remedies.

1. **Right-to-sue letter**

West Bend moves to dismiss all of Sagaitis's claims because she filed this complaint before receiving a right-to-sue letter from the EEOC. In their briefs, the parties disputed whether Sagaitis needed a right-to-sue letter, but those arguments are largely moot because, after the parties finished briefing, Sagaitis submitted a copy of her right-to-sue letter from the

4

EEOC, which she received in May 2025. Dkt. 18. So the question is whether Sagaitis could cure any deficiency that existed when she filed her lawsuit by filing her right-to-sue letter now.

The court concludes that Sagaitis has cured the deficiency. In some contexts, such as lawsuits about prison conditions, the court must dismiss the complaint if the plaintiff fails to complete the administrative exhaustion process before filing a lawsuit, even if the plaintiff completes that process shortly thereafter. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). But the court of appeals has taken a different approach for Title VII claims. For example, in *Perkins v. Silverstein*, the plaintiff did not have a right-to-sue letter when she filed a complaint under Title VII, but she received her letter while the defendant's motion to dismiss was pending. 939 F.2d 463, 470–71 (7th Cir. 1991). The court stated that the plaintiff's Title VII claims "may have been subject to dismissal at any time prior to [the] receipt of a right-to-sue letter, [but] the receipt of that letter after the complaint had been filed, but before it had been dismissed, effectively cured the deficiency in the original complaint." *Id.* at 471. The court of appeals reaffirmed this principle in *Worth v. Tyer*, 276 F.3d 249, 259 (7th Cir. 2001), and again recently in *Anderson v. United Airlines, Inc.*, No. 24-1626, — F. 4th —, 2025 WL 1621290, at *4 (7th Cir. June 9, 2025). In both cases, the court observed that receipt of a right-to-sue letter before dismissal can cure any deficiency that existed when the plaintiff filed the lawsuit.

It is true that all of these statements were dicta. In both *Perkins* and *Anderson*, the court dismissed the complaint on other grounds. In *Worth*, the specific issue before the court was whether the plaintiff could cure the deficiency by filing her right-to-sue letter before the defendant moved to dismiss for failure to exhaust. The court held that the defendant's motion was untimely because "it was not raised before Worth received the October 21, 1996 right-to-sue letter." *Worth*, 276 F.3d at 259. But even if *Perkins*, *Worth*, and *Anderson* are not

5

controlling, they strongly support a conclusion that plaintiffs in Title VII cases may avoid dismissal if they receive their right-to-sue letter any time before the court dismisses the case. This rule also furthers judicial economy: if the court were to dismiss the case because Sagaitis did not receive her right-to-sue letter until after West Bend moved to dismiss, Sagaitis could simply refile a new case the next day. *See Hill*, 352 F.3d at 1146. That would accomplish nothing except delay, so the court will deny West Bend's motion to dismiss the case for Sagaitis's failure to wait to file this lawsuit until she received a right-to-sue letter from the EEOC.

    **2.  Withdrawal of discriminatory compensation claims**

One of Sagaitis's Title VII claims is that West Bend paid her less than similarly situated male coworkers. West Bend contends that Sagaitis failed to exhaust that claim because she withdrew it from the ERD after the ERD issued a no-probable-cause determination, and she did not request EEOC review within 15 days as required by 29 C.F.R. § 1601.76. Sagaitis doesn't dispute that she missed the 15-day deadline, but she contends that the statutory language of Title VII did not require her to request EEOC review of the claims she withdrew from the ERD. So there are two issues in dispute: (1) whether a failure to comply with the 15-day deadline in § 1601.76 requires dismissal of a claim filed in federal court; and (2) whether a party forfeits her right to sue on a claim if she withdraws it from the ERD after receiving an unfavorable decision from the state agency.

As for the first issue, Sagaitis is correct that Title VII itself does not impose any deadlines or requirements for administrative appeals. Rather, the only requirements mentioned in the statute are filing an administrative charge, giving the EEOC or state-enforcement agency an opportunity to conciliate the claim, and receiving a right-to-sue letter.

6

42 U.S.C. § 2000e-5(b),(c),(e),(f). West Bend cites no authority for the view that missed deadlines set by the agency can serve as the basis for dismissing for a Title VII claim. In fact, the Supreme Court has rejected requests to impose procedural requirements that are not included in Title VII's text. *See, e.g.*, *EEOC v. Commercial Office Products Co.*, 486 U.S. 107, 110–111 (1988) (refusing to dismiss Title VII case for plaintiff's failure to comply to state-agency deadline because "Title VII . . . contains no express reference to timeliness under state law"); *see also Reynolds*, 737 F.3d at 1099 (Title VII does "not require a claimant to pursue an administrative appeal of the decision rendered by his employer's EEO office."). Regardless, the court need not decide whether missing an administrative deadline can result in a procedural default that requires dismissal of a Title VII claim because the court agrees with Sagaitis that she was not required to seek administrative review of the ERD's no-probable-cause determination, so she was entitled to withdraw her claim and proceed to federal court.

Neither party cites any case law in which a court considered the implications of an employee's decision to withdraw a Title VII claim during agency proceedings, but the court uncovered two cases in its own research. In *Zugay v. Progressive Care*, the plaintiff filed a charge of pregnancy discrimination with the Illinois Department of Human Rights (IDHR) and the EEOC. 180 F.3d 901, 902 (7th Cir. 1999). While IDHR was investigating the charge, the plaintiff requested permission to withdraw the charge, and the IDHR granted the request. *Id.* A few weeks later, the EEOC issued a right-to-sue letter to the plaintiff, and she filed a federal lawsuit. *Id.* The district court dismissed the case for failure to exhaust, reasoning that the plaintiff "failed to cooperate with the IDHR by voluntarily withdrawing her claim." *Id.* The court of appeals reversed, reasoning that "[n]owhere does Title VII state that a plaintiff must complete the state administrative process before starting federal proceedings." *Id.* Rather, the

7

statute requires only that the employee give the state agency 60 days to investigate. The plaintiff satisfied that requirement by waiting more than two months before withdrawing the charge and asking the EEOC for a right-to-sue letter. *Id.* at 903.

In *Gray-Brock v. Ill. Am. Water Co.*, the court reached the opposite conclusion. 609 Fed. Appx. 867 (7th Cir. 2015). The plaintiff, acting pro se, filed two charges with the IDHR and EEOC for separate instances of alleged retaliation. *Id.* at 868. The plaintiff then hired a lawyer, who withdrew the second retaliation charge, mistakenly believing that it duplicated the first. *Id.* at 869. As a result, IDHR and EEOC both confirmed that the charge had been withdrawn. *Id.* Nevertheless, the EEOC sent the plaintiff a right-to-sue letter on the withdrawn charge. *Id.* The plaintiff filed a Title VII lawsuit, and the district court dismissed the retaliation claim for the plaintiff's failure to exhaust her administrative remedies. *Id.* The court of appeals affirmed because the plaintiff had withdrawn her claim during agency proceedings. *Id.* at 870. The court acknowledged that the plaintiff had received a right-to-sue letter, but that was not dispositive because "there [was] no evidence in the record that the EEOC had ever attempted to investigate that charge, as the agency would do before issuing a right-to-sue letter." *Id.* (citing 42 U.S.C. § 2000e-5(b)).

*Zugay* and *Gray-Brock* reached opposite results, but their holdings can be reconciled. The key difference appears to be whether the EEOC or state agency had an opportunity to investigate the charge, as required by statute. 42 U.S.C. § 2000e-5(b),(c). In *Zugay*, the plaintiff withdrew her charge after giving the state-agency more than 60 days to investigate; in *Gray-Brock*, there was no investigation, so one of the primary purposes of Title VII exhaustion—an opportunity for conciliation—was not accomplished. *See Horton*, 343 F.3d at 899.

8

*Zugay* controls this case. Sagaitis did not withdraw her equal pay claim until after the ERD conducted its investigation and issued a decision, so the ERD had an opportunity to investigate the claim, and Sagaitis complied with Title VII's conciliation requirement. As Sagaitis points out, there was no statutory requirement for Saigaitis to appeal the ERD's decision or continue litigating in administrative proceedings before seeking a right-to-sue letter. So the court concludes that Sagaitis did not forfeit her claim, and the court will deny West Bend's motion to dismiss for failure to exhaust.

## B. Statute of limitations

West Bend makes two statute-of-limitations arguments, one about a claim for a discriminatory demotion in 2017 and one about any claim under the Equal Pay Act.

### 1. 2017 demotion

In her complaint, Saigaitis alleges that one of West Bend's discriminatory and retaliatory actions was demoting her. Dkt. 3, ¶¶ 58, 62. West Bend inferred that Saigaitis was referring to its July 2017 decision to eliminate Saigaitis's position as director of the enterprise product support department, which Sagaitis discusses in paragraph 20 of the complaint. West Bend says that Sagaitis did not file an administrative charge about the 2017 promotion within 300 days, as required by Title VII, *see* 42 U.S.C. § 2000e-5(e)(1), so the claim must be dismissed as untimely.

In response, Sagaitis says that West Bend has misconstrued her complaint. Specifically, she is not asserting a claim based on any conduct from 2017, and she included the 2017 demotion in her complaint "for purposes of history, context, background, and a pattern evidencing West Bend's unlawful discriminatory intent." Dkt. 12, at 8. She also says that her

demotion claim is based on her allegation that West Bend removed some of her responsibilities in February 2020. *See* Dkt. 3, ¶ 40.

Plaintiffs are the "masters of their complaint," *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 299 (1987), so the court will accept Sagaitis's characterization of her claims and deny as unnecessary West Bend's motion to dismiss claims based on the 2017 demotion. West Bend does not challenge the timeliness of her claim based on events in February 2020, so the court need not consider that issue.

2. **Equal Pay Act**

At the beginning of her complaint, Sagaitis says that she is asserting claims under the Equal Pay Act, 29 U.S.C. § 206(d), which prohibits an employer from paying an employee of one sex less than an employee of another sex who is performing the same job. *See* Dkt. 3, ¶ 1. The complaint includes no other references to the Equal Pay Act, but Sagaitis does allege that she received unequal pay to men performing the same job, so it is reasonable to infer that she is asserting a claim under the Equal Pay Act.

West Bend moves to dismiss any claim under the Equal Pay Act as untimely because the statute of limitations is two years, or three years if the violation is willful, *see* 29 U.S.C. § 255(a), and all of Sagaitis's claims accrued no later than May 2020 (when Sagaitis resigned), which is more than four years before she filed her complaint. Sagaitis did not respond to West Bend's argument.

The court may dismiss a claim as barred by the statute of limitations when it is clear from the face of the complaint that the claim is untimely. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). Sagaitis's allegations show that she left her employment with West Bend in May 2020, Dkt. 3, ¶ 48, so the statute of limitations for any Equal Pay Act claim

10

would have run by May 2023. The court will grant the motion to dismiss as it relates to claims under the Equal Pay Act. West Bend does not challenge the timeliness of Sagaitis's equal pay claims under Title VII, so the court need not consider that issue.

## C.  Declaratory judgment

Sagaitis lists "declaratory judgment" as her "third cause of action" in her complaint, and she asks for a declaration that West Bend discriminated and retaliated against her in violation of Title VII. Dkt. 3, ¶¶ 65–68. She cites the Declaratory Judgment Act, 28 U.S.C. § 2201, as the basis for the claim. *Id.* West Bend moves to dismiss this claim because declaratory judgments are remedies, not causes of action, and Title VII expressly allows for declaratory relief, so the claim is redundant.

West Bend is correct that declaratory judgments are remedies, not claims, so Sagaitis should not have listed the Declaratory Judgment Act as separate cause of action in her complaint. *See Reiter v. Illinois Nat. Cas. Co.*, 213 F.2d 946, 949 (7th Cir. 1954); *Johnson v. Am. Fam. Ins. Co.*, No. 22-cv-214-jdp, 2023 WL 2733674, at *3 (W.D. Wis. Mar. 31, 2023). But this also means that there is no "claim" to dismiss, so the court will deny this aspect of West Bend's motion as unnecessary. *See In re Ocwen Loan Servicing, LLC Mortg. Servicing Litigation*, 491 F.3d 638, 646 (7th Cir. 2007) (criticizing plaintiff for including a "claim" for injunctive relief in the complaint but nevertheless affirming the district court's denial of a motion to dismiss).

If West Bend were challenging the availability of declaratory relief in this case, West Bend could move to strike Sagaitis's request for declaratory relief under Federal Rule of Civil Procedure 12(f). But West Bend concedes that declaratory relief is appropriate under Title VII, and it identifies no prejudice that the declaratory judgment "claim" will cause. West Pend says

11

that the declaratory judgment "claim" could "confuse the jury," Dkt. 9, at 9, but that is not a cause for concern. If this case proceeds to trial, the jury will not see the complaint, and there will be no discussion of declaratory relief in front of the jury because declarations are a form of equitable relief awarded by the court. *See Simon v. Cooperative Educational Service Agency #5*, 46 F.4th 602, 609 (7th Cir. 2022). So moving to dismiss the declaratory judgment "claim" served no purpose except wasting time. The court will deny this aspect of West Bend's motion as unnecessary.

ORDER

IT IS ORDERED that defendant West Bend Insurance Company's motion to dismiss, Dkt. 8, is GRANTED in part and DENIED in part. The motion is GRANTED as to plaintiff Katie Sagaitis' claims arising under the Equal Pay Act, and those claims are DISMISSED. The motion is DENIED in all other respects.

Entered July 1, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge