IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KATIE SAGAITIS,

                    Plaintiff,

          v.                                                    OPINION and ORDER

WEST BEND INSURANCE COMPANY, fka                                25-cv-18-jdp
WEST BEND MUTUAL INSURANCE CO.,

                    Defendant.

---

Plaintiff Katie Sagaitis moves for reconsideration of the dismissal of her claim that defendant West Bend Insurance Company paid her less than similarly situated men. Dkt. 49. The court dismissed that claim on the ground that the documents Sagaitis cited to support the claim were unreadable, so the claim failed for a lack of proof. Dkt. 48, at 23–24. Sagaitis now asks to submit clearer versions of the cited documents.

"It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him." *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995). Sagaitis had three opportunities to submit readable versions of these exhibits: when she first filed them, after West Bend objected in its reply submissions that the exhibits were unreadable, Dkt. 44, ¶¶ 32–37, and after the court told Sagaitis they were unreadable and gave her a deadline to submit new copies, Dkt. 47. The court expressly warned Sagaitis that it would disregard her proposed findings of fact relying on those documents if she did not submit them in readable form. *Id.*

Sagaitis's only excuse for failing to correct the problem sooner is that her counsel did not confirm when he submitted the documents that they were readable, and he did not review West Bend's or the court's warnings. But "a lawyer's errors are imputed to the client," so that

is not a legitimate excuse. *See Moje v. Fed. Hockey League*, LLC, 792 F.3d 756, 758 (7th Cir. 2015). Even after the court ruled against her, Sagaitis waited more than a month to seek reconsideration. That is significant because West Bend was entitled to assume that it did not have to prepare a defense on that claim at trial after the claim was dismissed. Sagaitis does not even try to explain why she did not immediately submit new copies of the documents after the court issued its summary judgment decision.

In any event, even the new versions of the documents come up short. The documents are spreadsheets of numbers and different corporate buzzwords like "compa ratio" and "corporate value." Dkt. 50-1 and Dkt. 50-2. They are not self-explanatory, and Sagaitis cites no witness testimony with personal knowledge explaining what the documents mean or what they show.

## ORDER

IT IS ORDERED that plaintiff Katie Sagaitis's motion for reconsideration, Dkt. 49, is DENIED.

Entered May 12, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge